STATE OF SOUTH CAROLINA

COUNTY OF

Linda Braecklein,

               Plaintiff,

      v.

Samuel W. Johnson, Glover Construction Co., Inc., and Glover Contracting Co., Inc.,

               Defendant.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA CHARLESTON DIVISION

Case No.: 2:11-cv-01679

**RESPONSE IN OPPOSITION OF MOTION TO COMPEL EVALUATION OF PLAINTIFF**

---

The Defendants have moved before the Court for an Order compelling the Plaintiff to submit to an examination by Clair Huesinger, a vocational consultant and life care planner, pursuant to Rule 35 of the Federal Rules of Civil Procedure. Plaintiff would object as the proposed Evaluation is not permitted under Rule 35 and that even if the evaluation was found to be within Rule 35, the Defendants have not met the requirement to show good cause as to why an in person examination would be needed to complete the evaluation.

Rule 35(a) CRFP states in part that when the mental or physical condition is in controversy the Court "may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner….the order may be made only on motion for good cause shown." The Defendants have requested a vocational and life care planner to "examine" the Plaintiff even though she is not licensed to conduct a physical or mental examination as contemplated by the Rule.

Furthermore, good cause has not been shown for such an examination. Defendants have all medical records, objective testing, deposition testimony and discovery in which the Expert could rely on to give her opinion. The Defendants' Expert's own web site lists what is needed to complete the evaluation:

> *Q.: What information is needed to complete a Vocational Evaluation?*
>
> *A.: Medical records of primary treating providers or any treating providers, employment records, discharge summaries for surgical or hospital stays, physical therapy treatment summaries (each record is not needed), records of other Vocational Experts, if available, and depositions of the client or treating physicians, if available.* (http://www.dynamicvr.com/FAQs.html)

No where does she indicate that an in person evaluation is needed. Every item listed by the expert to complete the evaluation is available for her review.

The Defendants' motion state they have shown "good cause" because the Plaintiff's physical and mental condition is in controversy and that the amount sought is over $100,000.00. This is not good cause but rather condition precedents before the courts can consider ordering an examination. Good cause is a separate requirement which has not been presented in the Defendant's motion. As discussed, when the expert has the adequate information, the request is without good cause and thus should be denied. Storms v. Lowe's Home Center 211 F.R.D. 296 (W.D. Virginia, 2002)

WHEREFORE the plaintiff would prey for an Order denying the Motion to require an Independent evaluation of the Plaintiff by Claire Huesinger.

Respectively submitted,

THE STEINBERG LAW FIRM LLP
Post Office Box 50577
Summerville South Carolina, 29485
 (843) 720-2800

By:_s/_____
Steven E. Goldberg
Attorney for Plaintiffs

Charleston, South Carolina

February _____, 2012