IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Linda Braecklein, | Civil Action No. 2:11-cv-1679-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Samuel W. Johnson and Glover Construction Co., Inc., and Glover Contracting Co., Inc., | |
| Defendants. | |

This matter comes before the Court on Defendants' motion for an independent evaluation of Plaintiff pursuant to Federal Rule of Civil Procedure 35. (Dkt. No. 21). In this case, Plaintiff alleges that Defendants' negligence caused Plaintiff to have a car accident. Plaintiff claims that she was permanently injured in the car accident and seeks damages for current and future medical bills, permanent impairment, and lost wages, totaling over $1,000,000. Plaintiff hired a vocational and rehabilitation consultant, Joel D. Leonard, CRC, CVE, to evaluate Plaintiff and opine about Plaintiff's "prospective employability subsequent to the accident and its functional impact on her overall profile." (Dkt. No. 27-1 at 2). Mr. Leonard met with and evaluated Plaintiff for just over two hours, and the evaluation "consisted of a vocational interview followed by a series of routine tests." (*Id.*). Mr. Leonard issued a written report, concluding that Plaintiff's profile "is most consistent with a 'job preclusive' designation" and that Plaintiff "is incapable of gainful employment." (*Id.* at 9-10). Plaintiff also hired Sarah Lustig, RN, LNC, CLCP, CNCLP, to prepare a Life Care Plan to determine Plaintiff's "current and future healthcare needs with the associated costs and frequencies of goods and services." (Dkt. No. 27-

1

2). Ms. Lustig interviewed Plaintiff and issued a report setting forth a life care plan for Plaintiff. (*Id.*).

Defendants now seek to have their own vocational expert and life care planner, Claire Heusinger, M.S., CRC, CLCP, CVE, MSCC,[1] evaluate Plaintiff. Specifically, Defendants ask the Court to issue an order allowing Ms. Heusinger to "perform a non-invasive vocational and Life Care assessment of Plaintiff" at a date and time to be agreed upon, at the Steinberg Law Firm in Charleston, South Carolina. (Dkt. No. 21 at 1). Defendants argue that good cause exists for the Court to order such an evaluation because Plaintiff has put her physical and mental condition in controversy and because allowing such an evaluation is necessary to "level the playing field," in light of the fact that Plaintiff hired her own vocational expert and life care planner to evaluate Plaintiff. Plaintiff opposes Defendants' motion on the ground that Ms. Heusinger is a vocational and life care planner and is therefore not licensed to conduct a physical or mental examination as contemplated by Rule 35. (Dkt. No. 23 at 1). Plaintiff also argues that Ms. Heusinger has all of the medical records and other information necessary to evaluate Plaintiff and that Defendants therefore have not shown "good cause" for an in-person evaluation. (*Id.* at 2).

The Court finds Defendants' arguments more persuasive. Although Ms. Heusinger is not a physician or a psychologist, Rule 35 was amended in 1991 to allow parties to seek examinations by "other certified or licensed professionals . . . who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of dispute." *See* FED. R. CIV. P. 35 advisory committee notes. Further, the Court agrees with Defendants that, considering the facts and circumstances of

---

[1] The Court has reviewed Ms. Heusinger's curriculum vitae. (Dkt. No. 27-3).

this case, the need to level the playing field constitutes "good cause" as required by Rule 35. Defendants are merely seeking to give their expert the same access to Plaintiff that Plaintiff's experts had. *See Norfolk Dredging Co. v. M/V A.V. KASTNER*, No. 02-662, 2003 WL 23305262, at *2 (D.Md. Feb. 20, 2004) ("Here, [Plaintiff] alleges both mental and physical damages and has designated a vocational expert to testify in conjunction with his medical experts. Under such circumstances, the Court finds that good cause exists to allow Movants the opportunity to have [Plaintiff] examined by their own medical and vocational experts."); *Berry v. Mi-Das Line S.A.*, No. 408-159, 2009 WL 3213506, at *3 (S.D. Ga. Oct. 5, 2009) (granting defendants' motion pursuant to Rule 35 to allow defendants' rehabilitation expert to examine plaintiff and citing relevant cases) ("[Plaintiff] does not dispute that, at the end of the day, he wants these defendants to pay him money for his injuries. He does not dispute that part of the presentation he will make to support his money damage claim will be based on what he can and cannot do, employment-wise, given his . . . injury. Nor does he dispute that he is going to use an expert to testify about his employability deficits, and that such expert will opine based upon the direct scrutiny and testing of plaintiff. Defendants seek merely to supply their expert with the same information. There is nothing new or extraordinary about that."). The Court finds that the lone case cited by Plaintiff, *Storms v. Lowe's Home Centers, Inc.*, 211 F.R.D. 296 (W.D. Va. 2002), is distinguishable.

For the foregoing reasons, Defendants' motion for an independent evaluation of Plaintiff pursuant to Federal Rule of Civil Procedure 35 (Dkt. No. 21) is granted. The Court orders Plaintiff to allow Defendants' expert, Ms. Huesinger, to perform a non-invasive vocational and Life Care assessment of Plaintiff at a date and time to be agreed upon by the parties, at the Steinberg Law Firm in Charleston, South Carolina.

AND IT IS SO ORDERED.

_____
Richard M. Gergel
United States District Judge

February 28, 2012
Charleston, South Carolina

4